ADOLFO VILANOVA DÍAZ, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellant.

No. 11386. Argued November 1, 1955.—Decided November 23, 1955.

*José Trías Monge, Attorney General (J. B. Fernández Badillo, Acting Attorney General, on the brief), and Arnaldo P. Cabrera, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Secretary of the Treasury of Puerto Rico notified taxpayer Adolfo Vilanova Díaz of a certain income tax deficiency for 1948 and a penalty of 50 percent on the same for fraud, because he failed to report as income the amount of $11,500. Of this amount, $10,000 was invested by the taxpayer in stock of a corporation in New York and the other $1,500 in a loan he made to his father. No controversy exists as to the fact of these investments.

The taxpayer applied to the Superior Court, San Juan Part, and after the complaint was answered, a trial was held on the merits. The only evidence brought before the lower court was introduced by the taxpayer. The Secretary of the Treasury relied on the presumption of correctness of his administrative assessment. The court rendered judgment granting the complaint after stating the following findings of fact:

"(1) The facts proved are very simple. The plaintiff invested $10,000 in stock of a corporation in the United States during September and October 1948 and lent his father the

amount of $1,500. The taxpayer has been working since 1936 in a business owned by his father and up to 1948 he had earned about $35,060 in the business in salaries and bonuses. The plaintiff is the eldest and only son in a family of two children. For a long time, even after he married in 1938, he lived at his parents' house, the latter paying for all his expenses, and when he moved to a house of his own for the sole purpose of sleeping there, his parents continued paying for almost all the expenses of the plaintiff and his family.

"The plaintiff has no other source of income than his work in the business already mentioned. He is a thrifty man and leads a moderate life.

"(2) In 1945 the taxpayer reported in his income tax return a gross income of $4,600; in 1946 of $7,800; in 1947 of $4,390; and in 1948 of $6,050 for salaries and bonuses. Before 1945 the plaintiff earned about $1,820 a year from 1941 to 1944; $1,560 in 1939 and 1940; $1,040 in 1938; $520 in 1937 and $260 in 1936. The tax year of the business of plaintiff's father ends in August.

"(3) The amount of $11,500 invested by the plaintiff in 1948 was the product of savings he had been making since he started earning money."

On appeal, the Secretary of the Treasury argues that "this case, like *Treasurer* v. *Tax Court and Aguirre, Int.*, 70 P.R.R. 384, centers on whether something more than mere generalities is required to overcome the presumption of correctness attached to the assessment of the Secretary of the Treasury." Citing *Corporación Azucarera* v. *Tax Court*, 69 P.R.R. 189, he contends that the presumption of correctness was not overcome by clear and convincing evidence.

We disagree with appellant. The facts in this case are different from those in *Aguirre, supra*. The testimony of the plaintiff-appellee herein is not limited to mere generalities. It contains in detail the source of income considered as unaccounted for by the Secretary of the Treasury. Plaintiff's income and savings from 1936 to 1948 are clearly accounted for year by year in his testimony. "The court has no reason," the trial court said, "to discard the plain-

tiff's evidence which, besides being worthy of full credit, is not illogical or contrary to the reality of the facts such as that a person who has earned $35,000 during a number of years immediately preceding the year at stake, could have saved $11,500." Taking into consideration all the circumstances by virtue of which appellee managed to make these savings, the reality of that fact becomes even more convincing. We cannot agree with the appellant that in this case we are dealing with an income unaccounted for, and hence, that the taxpayer's evidence did not overcome the presumption of correctness of his tax assessment. *García* v. *Secretary of the Treasury*, 76 P.R.R. 471, *Cf. Soto* v. *Secretary of the Treasury, ante*, p. 169.

The judgment appealed from will be affirmed.

Mr. Justice Marrero did not participate herein.